AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Miguel Antonio Capellan Mora, Hugo Hernan Pinzon Lopez, and Reison'ol Sanche | ) ) ) ) ) | Case No. 8:22MJ1097CPT |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 26, 2022__ in the county of __Hillsborough__ in the __Middle__ District of __Tampa__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 46 U.S.C. §§ 70506(a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Carlos F. Carrasquillo, HSI Special Agent
Printed name and title

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d).

Date: __FEBRUARY 2, 2022__

_____
Judge's signature

City and state: __Tampa, FL__    CHRISTOPHER P. TUITE, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Carlos F. Carrasquillo, being duly sworn, depose and state:

### Introduction and Agent Background

1. I am a Special Agent with the Homeland Security Investigations ("HSI") and have been employed by HSI since 2007. Since September 2018, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") investigation being conducted by the Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), the Coast Guard Investigative Service ("CGIS"), the United States Coast Guard ("USCG"), and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate cocaine smuggling organizations that are responsible for the transportation of cocaine through international waters of the Caribbean Sea and Pacific Ocean via maritime vessels to transshipment locations for later introduction and distribution into the United States.

### Statutory Authority

2. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about January 26, 2022, while on board a vessel subject to the jurisdiction of the United States, the

defendants, MIGUEL ANTONIO CAPELLAN MORA, HUGO HERNAN PINZON LOPEZ and REISON'OL SANCHE, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

3. The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

### Probable Cause

4. The United States Coast Guard ("USCG") has authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

5. On January 26, 2022, a United States Customs and Border Protection Marine Patrol Aircraft (MPA) located a northbound target of interest (TOI) traveling at 12 kts, 112 nautical miles south of Isla Beata, Dominican Republic (DR). United

2

States Coast Guard Cutter (CGC) MARGARET NORVELL was diverted to intercept and launched its over-the horizon boat (OTH) with embarked boarding team (BT) to intercept.

6. The BT reported the TOI vessel stopped in position 15-55N 070-58W, in international waters. The OTH arrived on scene and Coast Guard personnel reported a total of three persons on board (POB) (two Dominicans and one Colombian national), multiple fuel barrels and bale shaped packages onboard the TOI. A master was not identified and there was no claim of nationality for the vessel. Coast Guard District 7 Command authorized treating the vessel as one without nationality (TWON) and subject to the enforcement of U.S. laws.

7. The BT reported that due to the size of the vessel, 26 fuel barrels and packages onboard were posing officer safety concerns and requested to disembark the three POB to conduct the boarding. Authorization was granted and the three POB were transferred to the OTH. Members of the BT conducted two narcotics identification kit (NIK) tests on the contents of packages from the TOI vessel, and both tests were positive for cocaine.

8. IONSCAN swipes were conducted on the detainees' hands, which resulted negative for any illicit material. The BT reported a total of thirteen (13) bales with an at sea weight of three hundred twenty-five (325) kilograms of presumptive cocaine. The BT completed boarding and was granted authorization by Coast Guard District 7 Command to destroy the TOI vessel as a danger to navigation owing to the vessel not having suitable towing points, the quantity of fuel on board, the long range

3

to next point of land, and no navigational lights. The TOI vessel sank in position 15-53.331N 071-05.214W.

9. In my training and experience, the TOI vessel is consistent in style, size, and propulsion to other such vessels frequently used to transport cocaine across international waters in the Caribbean Sea.

## CONCLUSION

10. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following three defendants named herein, MIGUEL ANTONIO CAPELLAN MORA, HUGO HERNAN PINZON LOPEZ and REISON'OL SANCHE, while on board a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

_____
Carlos F. Carrasquillo
Special Agent, HSI

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d)(3), before me this _2_ day of February 2022.

_____
THE HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

4